United States District Court
Northern District of Florida

Rhonda Fleming

v.                    No ___4:20-CV-212-AW-EMT___

Warden Strong

Motion for Habeas Corpus
   Relief Pursuant to 28 USC § 2241

Motion for Emergency
   Temporary Restraining Order
Pursuant to the APA & Rule 65

The Movant, Rhonda Fleming,
an inmate at FCI - Tallahassee,
moves the Court to grant
habeas corpus relief by ordering
the Respondent, Warden Strong,
to process and transfer the
Movant to home confinement
because the Movant is a
medically vulnerable inmate
in danger of dying from
the COVID-19 virus.
      The Attorney General,
William Barr ordered the

FILED USDC FLND TL
APR 24'20 PM 12:51

— 1 —

Respondent to transfer inmates that are older and medically vulnerable to the virus.

For the following reasons, the Movant request that the Court expedite this matter, appoint the Federal Public Defenders Office to represent the Movant, and order an emergency hearing as soon as is practicable.

1. The Movant is 54 years old, has a pre-existing condition which makes her highly susceptible to the virus, is serving time for a white-collar offense, & has been incarcerated for 12 years. Additionally, the Movant is African-American and it has been widely reported that this makes the Movant twice as likely than others to die of the virus.

2. Leadership starts at

the top. The Respondent and most of the prison employees are <u>not</u> wearing mask. The masks should be worn to prevent the Movant and other inmates from contracting the virus, which is highly contagious, with the ability to last up to 24 hours on most surfaces. Inmates get contagious diseases from prison employees in most cases. This prison is under 24 hour surveillance, so the Court can request video to see numerous prison staff failing to practice social distancing or wearing a mask.

3. The prison is severely overcrowded, with 80 inmates confined 24 hours a day in a housing unit, where the roof is leaking, mold is everywhere, and due to so many inmates in one small space, the housing unit

-3-

is unsanitary. The Movant is not challenging the conditions of the prison. She is challenging the execution of her confinement. See, Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) (holding a quantun change in level of custody, something less than freedom can be brought in a habeas corpus proceeding).

4. The Movant has exhausted her remedy process and/or falls under the exception to exhaustion pursuant to Ross v. Blake, 136 S. Ct. 1850 (2016). The Movant made a formal request to the Warden on or about March 26, 2020 and was denied April 14, 2020. The Movant filed an 8½ grievance of which the unit manager denied. The Movant was denied a written copy of the reasons for the denial.

Please see Exhibits A & B,
Rejection Notices for
failure to provide proof
of an attempt to informally
resolve the issue. This is
a Catch-22, misrepresentation
or a machination, which
renders the grievance
process unavailable.

5. Pursuant to 5 USC §
706(2)(A), this Court has
jurisdiction to review and
grant relief because the
Respondents denial of
relief is "arbitrary, capri-
cious, an abuse of discretion,
or otherwise not in accordance
with law." Please see, Jones
v. Zenk, 495 F. Supp. 2d 1289
(N.D. Ga. 2007). The Movant
is almost 55 years old, has
a pre-existing medical con-
dition, African-American,
and non-violent, serving
a sentence for medicare

fraud. It is an abuse of the Respondents discretion to deny applying the CARES Act and AG Barr's order. The application of the CARES Act and AG Barr's order to the Respondent is ambiguous on the degree of discretion and has allowed the Respondent to arbitrarily deny her relief. AG Barr's order was to focus on medically vulnerable inmates. However, the Respondent is releasing inmates that are younger, with no pre-existing conditions.

6. Issuing a preliminary injunction has merit. There is a likelihood of success because the Respondents failure to comply with AG Barr's orders to transfer medically vulnerable

inmates is an abuse of discretion and arbitrary. AG Barr made it clear, no inmates with "violent or sex crimes", but make "medically vulnerable inmates" a priority. See Politico.com April 3, 2020. The Movant has a substantial threat of irreparable injury. More than 15 inmates have died of the virus, the prison is not following the CDC guidelines to prevent spreading the virus. There is no harm to the Respondent to grant the proposed injunction. There are only 5 or 6, over 50, African-American, inmates with pre-existing conditions at FCI-Tallahassee. The Respondent will not have numerous inmates making a similar claim. Last, granting the injunction is in the interest

- 7 -

of the public. Numerous prisoner advocates, Congress-persons, & the President have spoken on the need to protect prisoners from dying in an overcrowded prison.

### Conclusion

At this point, the Court and all others that deal with prisoner claims, realize an overcrowded prison is a death sentence if a virus gets into the prison.

The Respondent may allege there are no COVID-19 cases, but it is not true. They have failed to test sick inmates and employees with the virus are at home after exposing inmates.

Respectfully Submitted

Rhonda Fleming

Rhonda Fleming

April 17, 2020

# Certificate of Service

Service has been made by the electronic filing of this document and by U.S. Mail to:

U.S. Attorney's Office
111 N. Adams, Suite 4
Tallahassee, FL 32301

Rhonda Fleming
20446-009

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 18, 2020


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTHEAST REGIONAL OFFICE

TO  : RHONDA ANN FLEMING, 20446-009
      TALLAHASSEE FCI     UNT: A UNIT     QTR: A11-040L
      501 CAPITAL CIRCLE, NE
      TALLAHASSEE,  FL 32301


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1002780-R2      REGIONAL APPEAL
DATE RECEIVED   : OCTOBER 3, 2019
SUBJECT 1       : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REMARKS         : I/M CLAIMING THERE WAS A BREACH IN SECURITY THAT
                  ALLOWED HER TO BE ASSAULTED; DUPLICATE SUBMISSION

EX-A

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 18, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTHEAST REGIONAL OFFICE

TO  : RHONDA ANN FLEMING, 20446-009
      TALLAHASSEE FCI     UNT: A UNIT     QTR: A11-040L
      501 CAPITAL CIRCLE, NE
      TALLAHASSEE,  FL 32301


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID     : 1006870-R1     REGIONAL APPEAL
DATE RECEIVED : OCTOBER 8, 2019
SUBJECT 1     : DISCRIMINATION
SUBJECT 2     : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

EX- 6

20446-009

Rhonda Fleming
Fci-Tallahassee
PO BOX 5000
Tallahassee, FL 32314
United States

TALLAHASSEE FL 323
20 APR 2020

Celebrating the
50th Anniversary
of Earth Day
1970-2020

Forever USA

CHECKED APR 2 4 2020

U.S. District Clerk
US Courthouse Annex
111 North Adams Street
3rd Floor
Tallahassee, FL 33314

Legal Mail

32301-773057