UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RHONDA FLEMING
BOP Inmate No. 20446-009,
    Petitioner,

vs.                                        Case No.:  4:20cv212/AW/EMT

WARDEN STRONG,
    Respondent.
_____/

## **SUPPLEMENT TO REPORT AND RECOMMENDATION**

In this habeas action, Petitioner challenges Respondent's failure to place her in home confinement due to the public health crisis caused by the COVID-19 virus (*see* ECF Nos. 1, 2). On July 22, 2020, the undersigned issued a report and recommendation recommending denial of Petitioner's § 2241 petition (ECF No. 17). The undersigned included the following footnote in the report and recommendation:

> Apparently recognizing that challenges to the constitutionality of the conditions of her confinement must be brought in a civil rights action under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau Narcotics*, 403 U.S. 388, 390–97 (1971) (recognizing a direct cause of action for damages for unconstitutional conduct committed by a federal official acting under color of law), Fleming expressly states she is **not** challenging the conditions at FCI-Tallahassee (*see* ECF No. 1 at 4; ECF No. 8 at 2). She states she is challenging only the execution of her sentence under § 2241 (*see* ECF No. 1 at 4; ECF No. 8 at 2; ECF No. 13 at 1–4).

> A prisoner may seek federal relief under two primary avenues: (1) a petition for habeas corpus and (2) a civil rights complaint. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). These two options "are mutually exclusive." *Id.* Thus, "if a claim can be properly raised in one of those proceedings[,] it cannot be raised in the other type of proceeding." *Valle v. Sec'y, Fla. Dep't of Corr.*, 654 F.3d 1266, 1267 (11th Cir. 2011). A constitutional challenge to conditions of confinement may be properly raised in a civil rights action. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993). Therefore, Fleming must file a civil rights action if she wishes to seek monetary damages or injunctive relief (other than release from FCI-Tallahassee and placement in home confinement) for allegedly unconstitutional conditions at FCI-Tallahassee.

(ECF No. 17 at 8 n.2).

The district judge has not yet ruled on the report and recommendation, and Petitioner has now filed a combined "Motion to Convene Three Judge Panel" and "Motion for Emergency Preliminary Injunction" (ECF No. 30). Petitioner now states she is "NOT" requesting release or transfer (*see id.* at 1) and instead is seeking relief under 18 U.S.C. § 3626(a), which authorizes the grant of preliminary injunctive relief "in any civil action with respect to prison conditions . . . ." 18 U.S.C. § 3626(a).

As the undersigned previously stated, Petitioner must file a civil rights action if she wishes to challenge the conditions of her confinement and seeks relief other than release or transfer. Therefore, the instant motions should be denied.

Case No.: 4:20cv212/AW/EMT

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's combined "Motion to Convene Three Judge Panel" and "Motion for Emergency Preliminary Injunction" (ECF No. 30) be **DENIED**.

At Pensacola, Florida this 20<u>th</u> day of November 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  4:20cv212/AW/EMT