IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RHONDA FLEMING,

    Petitioner,

v().                                       Case No. 4:20-cv-212-AW-EMT

WARDEN STRONG,

    Respondent.

_____/

## FINAL ORDER

Rhonda Fleming is serving a 30-year sentence after a jury convicted her of dozens of counts, including health care fraud, wire fraud, conspiracy, and money laundering. She is assigned to the Tallahassee Federal Detention Center.

Fleming initiated this case by filing a § 2241 habeas petition. ECF No. 1. According to the petition, Fleming is a "medically vulnerable inmate in danger of dying from the COVID-19 virus." *Id.* at 1. She asked the court to order the warden "to process and transfer [her] to home confinement." *Id.* at 1.[1]

The petition noted that the CARES Act allows the BOP to move inmates to home confinement. The argument is that BOP's decision not to do that for Fleming was unfair, an "abuse of the Respondent's discretion," and inconsistent with the

---

[1] Although the petition (and numerous subsequent filings) complaint of prison conditions, including overcrowding and leaky roofs, the petition explicitly said Fleming "is not challenging the conditions of the prison." ECF No. 1 at 4. Instead, "she is challenging the execution of her confinement." *Id.*

1

Attorney General's memo. *Id.* at 6 ("AG Barr's order was to focus on medically vulnerable inmates. However, the Respondent is releasing inmates that are younger, with no pre-existing conditions."). Fleming argues that "[p]ursuant to 5 U.S.C. § 706(2)(A), this Court has jurisdiction to review and grant relief because the Respondent's denial of relief is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" ECF No. 1 at 5 (quoting *Jones v. Zenk*, 495 F. Supp. 2d 1289 (N.D. Ga. 2007)).

The warden moved to dismiss, saying the court has no authority to do what Fleming asks. ECF No. 11. The magistrate judge issued a report and recommendation agreeing. ECF No. 17. I have considered that report and recommendation, and I have considered de novo Fleming's objections to it. ECF No. 19. I agree with the magistrate judge. Fleming has not shown entitlement to the relief she seeks.

In her objection, Fleming says the warden "used a pattern scoring system that has not been approved or tested by scientists." ECF No. 19 at 2. It is unclear what she refers to, but to the extent her argument is that she is challenging some program statement, rule, or regulation, she has not shown why that statement, rule, or regulation was improper or how it was applied to her detriment.

Fleming's objection also relies on *Estes v. Fed. BOP*, 273 F. Supp. 2d 1301 (S.D. Ala. 2003). ECF No. 19 at 4. In *Estes*, the court found a BOP policy invalid

2

under the APA. This, Fleming suggests, conflicts with the magistrate judge's conclusion that 18 U.S.C. § 3625 makes the APA inapplicable to her claims. But that case did not address § 3625, and—at any rate—it does not provide a basis for overruling the magistrate judge's conclusion. I likewise find none of Fleming's remaining objections meritorious.

Next, after the initial report and recommendation issued, Fleming moved to amend to add Equal Protection and Eighth Amendment claims. ECF No. 20. She also filed a motion for preliminary injunction. ECF No. 30. The magistrate judge filed a supplement to the report and recommendation. ECF No. 31. I have considered that supplement and reviewed de novo Fleming's objections to it. ECF Nos. 33, 34. I agree with the magistrate judge that the preliminary injunctive relief (and the motion for a three-judge panel) should be denied.

As the magistrate judge explained, if Fleming wants to challenge the conditions of confinement, she may file a separate action. But her § 2241 petition must be denied.

It is now ORDERED:

1. The report and recommendation (ECF No. 11) and the supplement to report and recommendation (ECF No. 31) are adopted and incorporated into this order.

2. Fleming's objections are overruled.

3. The clerk will enter a judgment that says "The § 2241 petition is denied."

4. The clerk will terminate all pending motions and close the file.

SO ORDERED on February 15, 2021.

s/ *Allen Winsor*
United States District Judge
